UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELLY MCSEAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 4:23-CV-878 JSD |
| | ) |
| DENISE HACKER, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Kelly McSean for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 2]. The Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint, and will deny, at this time, her[1] motion seeking the appointment of counsel.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to her account. 28 U.S.C. § 1915(b)(2). The

---

[1] Plaintiff is a transgendered inmate and goes by the pronouns she/her. She indicates that she is formerly known as Larry J. Bemboom.

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement.[2] As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of her prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, she must submit a copy of her prison account statement in support of her claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded

---

[2]Docket No. 3 is titled, "Inmate Account Statement." However, the document attached to the docket is a second copy of plaintiff's motion for appointment of counsel, which is also docketed under ECF No. 4.

facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff is currently a pre-trial detainee housed at St. Francois County Jail in Farmington, Missouri. However, the allegations in the current complaint appear to be related to purported civil rights violations which plaintiff alleges occurred while she was housed at Southeast Missouri Mental Health Center in Farmington, Missouri, while she was enrolled in the Sex Offender Rehabilitation and Treatment Services (SORTS) program.

Plaintiff names twenty-three (23) individuals as defendants in this action. Defendants appear to be employees of SORTS, which is an entity under the control of the Missouri Department of Mental Health. Defendants are: (1) Denise Hacker; (2) George Killian; (3) William Anderson; (4) Stacy Neff; (5) Brenda Swift; (6) Charles McIntyre; (7) Chris Chamberlain; (8) Darla Martin; (9) Joe Easter; (10) Sara Purkett; (11) Misty Kindle; (12) Kathy Hammond; (13) Kelly Cronin;

3

(14) Linda Miller[3]; (15) Melinda Stevens; (16) Brigit Moore; (17) Cassandra Guinn; (18) Kim Katzenberger; (19) Ruth Edgar; (20) Krystal Weinhold; (21) Jeremy Crice; (22) Julaina White; and (23) Joe Kochis. She sues defendants in their official and individual capacities. *Id.*

Plaintiff's complaint is handwritten and spans twenty-seven (27) pages. However, she spends only one page on her "Statement of Claim." She asserts that she arrived at SORTS on April 1, 2009. At that time, plaintiff claims she was living as a transgendered woman, but she was told that it was the policy of SORTS, formerly known as the Missouri Sex Offender Treatment Center (MOSOP) to require civil detainees to wear the clothing of their biological sex. Plaintiff does not indicate who informed her of these alleged rules, however, she utilizes several pages of her complaint asserting her emotional distress relative to how the rules affected her. She claims that the implementation and exercise of the rules at SORTS interfered with her First, Fifth and Fourteenth Amendment rights.[4]

Plaintiff admits, however, that on or about April 6, 2018, SORTS "implemented a transgendered policy" known as Policy S-PC.295. She claims in a conclusory manner, "these defendants acted in concert with one another, depriving and abusing Ms. McSean, by lack of

---

[3]The Clerk mistakenly refers to this defendant as Kelly Miller. The Court will instruct the Clerk to update defendant Miller's first name on the docket.

[4]She states generally that "defendants refused to acknowledge her right to speech as expression and allow Ms. McSean her rights as a transgender female allowing her gender affirming clothing and canteen items to treat and support Ms. McSean in this First (1st) Amendment claim." She additionally claims that defendants purportedly violated her Fifth and Fourteenth Amendment rights by failing to respond to grievances relating to her request to "uphold and protect Ms. McSean's rights and liberties…" Unfortunately, plaintiff has failed to allege how her First Amendment rights were purportedly harmed, and she has failed to identify, with specificity, how her Fourteenth Amendment rights were violated. A failure to respond to grievances is not a violation of a constitutional right. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (agreeing with district court that "defendants' denial of [plaintiff's] grievances did not state a substantive constitutional claim"); *and Fallon v. Coulson*, 5 F.3d 531, 1993 WL 349355, at *1 (8th Cir. 1993) (unpublished opinion) (stating that the failure of defendants "to acknowledge receipt of and respond to plaintiffs' grievances pursuant to prison procedure did not violate any of plaintiffs' constitutional rights"). Moreover, as set forth below, these claims are barred by the applicable statute of limitations.

treatment for her gender dysphoria and property to do so." She does not identify whether the application of the policy was violative or if the policy itself was constitutionally invalid. Additionally, plaintiff fails to indicate which of the defendants purportedly interfered with her rights with respect to this policy or how they did so.[5] This is the totality of plaintiff's allegations against defendants relative to this alleged time period.

Last, plaintiff claims that on June 1, 2022, "when forced to abide by local laws and the constitutional rights," she was granted transgendered rights at SORTS. Plaintiff has not indicated what she means by this statement.

For relief, plaintiff seeks monetary damages in support of this action.

## Discussion

Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court concludes it is subject to dismissal. However, in consideration of plaintiff's self-represented status, the Court will allow her to submit an amended complaint on a Court-provided form.

### A. Official Capacity Claims

Plaintiff's official capacity claims against all defendants fail to state a claim and are legally frivolous. An official capacity suit is a "way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In other words, an official capacity claim against an individual is actually a claim "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("a "suit against a public employee in his or her official capacity is merely a suit against the public employer"); *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated

---

[5]Plaintiff states in a conclusory fashion that she was denied "gender-affirming" medically necessary care. However, she has not indicated what this purportedly entailed or what medical care she was allegedly denied or by who.

5

as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). Thus, to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

In this case, plaintiff alleges all twenty-three (23) defendants are employed by the Missouri Department of Mental Health. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71. *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983"). Moreover, in the absence of a waiver, the Eleventh Amendment bars suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998).

Here, defendants are all employees of the Missouri Department of Mental Health, a state agency. For the reasons discussed above, plaintiff's official capacity claims against them are really claims against their employer. Thus, plaintiff's official capacity claims are actually claims against the State of Missouri. Such claims are barred because a state is not a "person" for purposes of § 1983, and because the Eleventh Amendment bars suits against state officials acting in their official capacity.

**B. Individual Capacity Claims**

Plaintiff sues all twenty-three (23) defendants in their individual capacities in this action; however, she has failed to how each of the defendants personally violated her rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of her constitutional rights). Thus, plaintiff's individual capacity claims, as currently stated, fail to state a claim.

To the extent she is attempting to allege claims against supervisors at SORTS, such as Denise Hacker or George Killian, it is not enough for these defendants to have supervisory authority over SORTS to construe their personal involvement in plaintiff's claims for alleged constitutional violations. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983). Because plaintiff does not provide any facts related to the personal involvement of the supervisory defendants as to her allegations, the claims relative to the supervisory defendants are also subject to dismissal.

Furthermore, although plaintiff attempts to couch her allegations as a "conspiracy" claim, she has failed to properly allege a case of conspiracy between defendants. "To prove a § 1983 conspiracy claim against a particular defendant, the plaintiff must show: that the defendant conspired with others to deprive her of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act injured the plaintiff." *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). *See also Burbridge v. City of St. Louis, Missouri*, 2 F.4th 774, 782-83 (8th Cir. 2021) (explaining that "[t]o prevail on a [42

U.S.C.] § 1983 conspiracy claim, [the plaintiff] must show that (1) the defendants agreed to deprive her of her constitutional rights; (2) at least one of the alleged coconspirators engaged in an overt act in furtherance of the conspiracy; and (3) [the plaintiff] was injured by the overt act"). Additionally, in order to prevail, the plaintiff is required to prove the deprivation of a constitutional right or privilege. *Riddle v. Riepe*, 866 F.3d 943, 948 (8th Cir. 2017). *See also Draper v. City of Festus,* Mo., 782 F.3d 948, 953 (8th Cir. 2015). "Absent a constitutional violation, there is no actionable conspiracy claim." *In re Kemp*, 894 F.3d 900, 910 (8th Cir. 2018).

With regard to the first element, a "plaintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Holmes v. Slay*, 895 F.3d 993, 1001 (8th Cir. 2018). In other words, there has to be some showing of "a meeting of the minds or understanding among the conspirators to achieve the conspiracy's aims." *See White v. McKinley*, 519 F.3d 806, 816 (8th Cir. 2008). This burden can be satisfied by a plaintiff "pointing to at least some facts which would suggest the defendants reached an understanding to violate her rights." *Boneberger v. St. Louis Metropolitan Police Dept.*, 810 F.3d 1103, 1109 (8th Cir. 2016).

Plaintiff has failed to allege facts showing that the twenty-three (23) defendants had a meeting of the minds such that they were acting toward the aim of an alleged conspiracy to deprive plaintiff of her constitutional rights. She has failed to indicate what constitutional right they intended to deprive her of, and she has failed to indicate what purported overt act in furtherance of the conspiracy, done by defendants, harmed her. Thus, plaintiff has failed to indicate that defendants in engaged in a conspiracy under 42 U.S.C. § 1983.

Last, the Court feels compelled to point out that while there is no statute of limitations contained within 42 U.S.C. § 1983, the Supreme Court "has held that § 1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims." *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011). *See also Anderson*

8

*v. City of Minneapolis*, 934 F.3d 876, 880 (8th Cir. 2019) (determining that statute of limitations for § 1983 case arising in Minnesota "comes from the state's personal injury statute"). Thus, for cases arising in Missouri, the five-year statute of limitations for personal injury actions found in Mo. Rev. Stat. § 516.120(4) applies to § 1983 actions. *Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005). While the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915 when it is apparent the statute of limitations has expired. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). Accordingly, any claims brought by plaintiff relative to alleged civil rights violations which purportedly occurred prior to July 4, 2018, are barred by the relevant statute of limitations.

Because plaintiff is a self-represented litigant, and because she has made serious allegations, the Court will not dismiss the complaint at this time. Instead, plaintiff will be given the opportunity to amend her pleadings according to the instructions set forth below. In preparing her amended complaint, plaintiff must follow these instructions. Failure to follow these instructions may result in the dismissal of her claims.

**Amendment Instructions**

Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint so it must include all claims plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court-provided prisoner civil rights complaint form, which will be provided to her. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). Plaintiff must not amend a complaint by filing separate documents. Instead, she must file a single, comprehensive pleading that sets forth her claims for relief.

In the "Caption" section of the complaint form, plaintiff must state the first and last name, to the extent she knows it, of each defendant she wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may include additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should also indicate whether she intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to her claim(s). Plaintiff should put her case number in the appropriate location on the upper right-hand section of the first page.

In the "Statement of Claim" section, plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth a short and plain statement of the factual allegations supporting her claim against that defendant; and (2) state what constitutional or federal statutory right(s) that defendant violated. Each averment must be simple, concise, and direct. *See* Fed. R. Civ. P. 8(a). If plaintiff is suing more than one defendant, she should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting her claim or claims against that defendant. No introductory or conclusory paragraphs are necessary.

Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant, and set forth as many claims as she has against him or her. *See* Fed. R. Civ. P. 18(a).

Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. Plaintiff must allege facts connecting each defendant to the challenged action. *See Martin*, 780 F.2d at 1338 (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured

plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits); *Keeper*, 130 F.3d at 1314 (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983). "A federal complaint must contain the 'who, what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016); *see e.g., Miles v. Corizon Healthcare*, 2019 WL 2085998, at *4 (E.D. Mo. May 13, 2019) (a general refusal to treat allegation, without any additional information, is nothing more than a conclusory statement and cannot suffice to state a cause of action under the Eighth Amendment).

Plaintiff must also be careful to fill out the Court-provided complaint form in its entirety, including the "Injuries" section. There is no constitutional violation where an inmate cannot show she suffered an injury or adverse health consequence. *See Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995). "Claims under the Eighth Amendment require a compensable injury to be greater than *de minimis*." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). "While a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation." *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994).

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. If plaintiff fails to file an amended complaint on a Court-provided form within **twenty-one (21) days** in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to plaintiff.

## Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. [ECF No. 4]. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir.

1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that she has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present her claims to the Court. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall substitute defendant Linda Miller for Kelly Miller on the docket.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.00 within **twenty-one (21)** days of the date of this Order. Plaintiff is instructed to make her remittance payable to "Clerk, United States District Court," and to include upon it: (1) her name; (2) her prison registration number; (3) the case number; and (4) that the remittance is for an original

proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form in accordance with the instructions stated above within **twenty-one (21) days** of the date of this Order. Plaintiff is advised that her amended complaint will take the place of her original filing and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED** at this time without prejudice.

**IT IS FINALLY ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 6th day of November, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE