UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELLY MCSEAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 4:23-CV-878 JSD |
| DENISE HACKER, et al., | ) ) ) |
| Defendants. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff Kelly McSean's submission of her amended complaint.[1] See ECF No. 7. After reviewing the amended complaint, the Court finds that it fails to state a claim for relief. Nevertheless, because plaintiff's claims are serious and plaintiff is proceeding pro se, the Court will provide plaintiff the opportunity to submit a second amended complaint on a Court-provided form. Plaintiff will be given twenty-one (21) days to do so. Her failure to comply with all requirements set forth in this Order when amending her pleading will result in a dismissal of this action, without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] Plaintiff is a transgendered inmate and goes by the pronouns she/her. She indicates that she is formerly known as Larry J. Bemboom. Plaintiff legally changed her name to Kelly McSean in October of 2021. *See In re Larry J. Bemboom*, No. 21SF-DR00274 (24th Jud. Cir., St. Francois County Court).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 on July 12, 2023. [ECF No. 1]. Although plaintiff is currently a pretrial detainee housed at St. Francois County Jail in Farmington, Missouri, the allegations in the original complaint were related to purported civil rights violations which allegedly occurred while she was housed at Southeast Missouri Mental Health Center (SMMHC) in Farmington, Missouri, while she was enrolled in the Sex Offender Rehabilitation and Treatment Services (SORTS) program.

Although this was the first-filed case in this district under the name Kelly McSean,[2] plaintiff filed six additional cases in rapid succession after this one. Four of plaintiff's cases pertain to purported violations of her transgendered rights, with all but one of those cases (except the instant action) discussing alleged violations at St. Francois County Jail.[3] *See McSean v. Bullock, et al.*, No. 4:23-CV-1072 HEA (E.D.Mo.) (in this case plaintiff alleges violations of her due process rights due to being placed in disciplinary segregation in St. Francois County Jail without the issuance of a conduct violation or hearing); *McSean v. Lemons, et al.,* No. 4:23-CV-1086 RLW (E.D.Mo.) (in this case plaintiff alleges that individuals at St. Francois County Jail denied her the ability to purchase female clothing and retaliated against her for exercising her First Amendment rights); *McSean v. Bullock, et al.,* No. 4:23-CV-1174 JMB (E.D.Mo.) (in this case plaintiff alleges that individuals at the St. Francois County Jail denied her the ability to purchase female clothing, verbally abused her, retaliated against her, sexually harassed her and violated her Equal Protection rights); *McSean v. Foot, et al.,* No. 4:24-CV-00094 SEP (E.D.Mo.) (in this case plaintiff alleges excessive force at St. Francois County Jail and deliberate difference to her serious medical needs); *McSean v. Harris*, No. 4:23-CV-1706 JMB (E.D.Mo.) (in this case plaintiff alleges First

---

[2]Plaintiff filed a case in December of 2008 under her prior name, Larry Bemboom regarding her time at Northeast Correctional Center (NECC). *See Bemboom v. Dunn, et al.,* No. 2:08-CV-00067 JCH (E.D.Mo.). Plaintiff's action was dismissed on summary judgment on December 15, 2009. *Id.* While plaintiff was in the SORTS Unit at Fulton State Hospital in Fulton, Missouri, she also filed two cases under the name Larry Bemboom in the Western District of Missouri which were dismissed prior to service pursuant to 28 U.S.C. § 1915. *See Bemboom v. Martin-Forman,* No. 2:13-CV-4168 FJG (W.D.Mo.) and *Bemboom v. Heyer*, *et al*., No. 2:14-CV4129 BCW (W.D.Mo.).

[3]In all cases in which plaintiff is suing over her transgendered rights at the St. Francois County Jail, plaintiff claims that she was diagnosed with gender dysphoria while detained at SMMHC. Plaintiff, however, has not made the same allegation in this action, meaning that she has not alleged that she was diagnosed with gender dysphoria during her time at SMMHC. Additionally, there is no mention of a diagnosis of gender dysphoria in the last Annual Report of Mental Condition filed in plaintiff's probate case in October of 2019. *See In re Larry Bemboom*, No. 08B7-PR00260 (13th Jud. Cir., Boone County Court). To the extent plaintiff is claiming that during her time at SMMHC she was suffering from or diagnosed with gender dysphoria, she must add these facts to her second amended complaint, indicating when she was allegedly diagnosed with gender dysphoria and by whom.

Amendment retaliation with regard to the exercise of her transgendered rights); *McSean v. Chamberlain, et al.*, No. 4:23-CV-1225 MTS (E.D.Mo.) (in this case plaintiff alleges unreasonable strip search in violation of her Fourteenth Amendment rights, violation of her Equal Protection rights, excessive force, deliberate indifference to her serious medical needs and failure to properly train employees at SMMHC).

Some background on plaintiff's history in the Missouri Department of Corrections (MDOC) and the SORTS program is helpful to the Court to establish how plaintiff is currently a pretrial detainee at St. Francois County Jail while having also been a civil detainee in the SORTS program.

It appears that plaintiff was placed in the custody of the MDOC in November of 2003, after she pled guilty on November 17, 2003, to felony sexual assault and deviate sexual assault. *See State v. Bemboom*, No. 03CR169024-01 (13th Jud. Cir., Boone County Court). Plaintiff was sentenced to five years in the MDOC. However due to plaintiff's history as a sex offender, a matter was opened in the Missouri Probate Court on August 22, 2008, seeking to have plaintiff classified as a sexually violent predator under Missouri law. *See In re Larry Bemboom*, No. 08B7-PR00260 (13th Jud. Cir., Boone County Court). Plaintiff was classified as a sexually violent predator on August 7, 2009, after a jury trial on the matter. *Id*.

According to the Annual Report of Mental Condition dated October 31, 2019, submitted in the probate matter, plaintiff arrived at the SORTS facility in Farmington, Missouri, on or about April 1, 2009, as a detainee (prior to the probate judgment). She was transferred to the SORTS program in Fulton, Missouri in July of 2014.

On July 14, 2014, plaintiff was convicted of 2nd degree assault for attacking a staff member at the SORTS program in Fulton. At that time, she was sentenced to the MDOC for seven (7) years imprisonment. *See State v. Bemboom*, No. 14CW-CR00632-01 (13th Jud. Cir., Callaway County

4

Court). In January of 2019, plaintiff was released from the MDOC and readmitted to the SORTS program in Farmington.

Almost immediately after returning to the SORTS program in Farmington, Missouri, plaintiff appears to have had difficulty adjusting. Between April of 2019 and November of 2022, plaintiff was criminally charged six times with either attacking a DMH employee, attacking another civil detainee or destruction of DMH property. *See State v Bemboom*, No. 19SF-CR00730-01 (24th Jud. Cir., St. Francois County Court); *State v. Bemboom*, No. 20SF-CR01462-01 (24th Jud. Cir., St. Francois County Court); *State v. Bemboom*, No. 20SF-CR01611-01 (24th Jud. Cir., St. Francois County Court); *State v. McSean*, No. 22SF-CR00497-01 (24th Jud. Cir., St. Francois County Court); *State v. McSean*, No. 22SF-CR00973-01 (24th Jud. Cir., St. Francois County Court) and *State v. McSean,* No. 22SF-1035 (24th Jud. Cir., St. Francois County).

When plaintiff pled guilty to misdemeanor assault in the 4th degree for attacking a DMH employee at SORTS on November 18, 2022, she was transported to St. Francois County Jail for a ninety (90) day sentence of imprisonment. *See State v. Bemboom*, No. 20SF-CR01611-01 (24th Jud. Cir., St. Francois County Court). Unfortunately, plaintiff escaped from confinement at St. Francois County Jail on January 17, 2023.[4] Thus, on January 18, 2023, plaintiff was charged with felony escape, and on March 16, 2023, she was charged with felony stealing a motor vehicle. *See State v. McSean*, No. 23SF-CR00017-01 (24th Jud. Cir., St. Francois County) and *State v. McSean*, No. 23SF-CR00219-01 (24th Jud. Cir., St. Francois County).

Plaintiff's remaining criminal charges between 2019-2022 are currently pending and awaiting trial. As noted above, plaintiff is currently detained in St. Francois County Jail in Farmington, Missouri.

---

[4]Plaintiff was apprehended on January 20, 2023, in Ohio.

## The Complaint and Amended Complaint

As noted above, plaintiff filed her original complaint in this action on July 12, 2023. The original complaint was handwritten and numbered twenty-seven (27) pages. Plaintiff's original complaint named twenty-three (23) defendants in this action. She named defendants in their individual and official capacities.

Because plaintiff's original complaint was not filed on a Court-provided form in violation of Local Rule 2.06(A) and failed to state a claim for relief, the Court, on November 6, 2023, ordered plaintiff to file an amended complaint on a Court-provided form no later than November 27, 2023. [ECF No. 6]. Plaintiff filed her amended complaint, ECF No. 7, which numbers one-hundred and two (102) pages on February 27, 2023. In her amended complaint, plaintiff names thirty-four (34) defendants in this action.[5] Once again, plaintiff names defendants in both their individual and official capacities.

Plaintiff's amended complaint, however, is made up entirely of conclusory statements. In fact, plaintiff repeats almost the same allegations against all thirty-four (34) defendants in this action without including any **facts** relative to what allegedly occurred at SMMHC which purportedly form the basis for her claims for relief. Her allegations contain two types of repetitious pleadings, which the Court will include herein:

> [Defendant] violated Ms. McSean's (5th) and (14th) Amendment Rights when she was present in case consultation meetings on 7/19/2019 and 8/13/2020, where she acted in concert with others denying rights stated in policy SPC.295 to promote and

---

[5]Plaintiff names the following individuals as defendants in this action: Denise Hacker (Chief Operating Officer); George Killian (Director of SORTS); William Anderson (Unit Manager); Stacey Neef (Medical Director); Brenda Swift (Grievance Coordinator); Charles McIntyre (Grievance Coordinator); Chris Chamberlain (Head of Security); Darla Martin (Security/Property); Joe Easter (Nurse); Sara Purkett (Nurse); Misty Kindle (Doctor); Kathy Hammond (Doctor); Kelly Cronin (Nurse); Linda Miller (Nurse); Melinda Stevens (Therapist); Brigit Moore (Therapist); Cassandra Guinn (Therapist); Kim Katzenberger (Nurse); Ruth Edgar (Security Aide); Krystal Weinhold (Nurse); Jeremy Crice (Security Aide); Julaina White (Security Aide); Joe Kochis (Nurse); Lavaughn Brathwaite (Psychiatrist); Melinda Cramer (Therapist); Janell Lynn (CCA); Kyle Pinkley (Nurse); Amy Forsythe (Nurse); Melanie Dotson (Nurse); Nezar El-Runie (Doctor); Stacey Gegg (Therapist); Kimberly Bye (Director of Treatment Services); Keith Bainbridge (Recreation Aide); and Dennis Ellis (Security Aide).

protect, protected rights, to support gender preferences, property, liberties, and happiness in her own way.

These actions deny liberties, property, and pursue [sic] of happiness and to violate (8th) Amendment rights can only be viewed as cruel and unusual punishment. [Defendant] at all times knew her actions to deny McSean's rights would be substantial indifference to Ms. McSean's care and treatment and medical neglect in violation of Ms. McSean's (5th) ad (14th) Amendment rights.

[Defendant's] discrimination and sexual harassment on the basis of sex caused the injuries, fear of authority figures, undue worry, undue stress, suicidal thoughts, nightmares, headaches, increased anxiety and high blood pressure problems, mental anguish, anger.

Facility Policy SPC.295 states 'this Policy will also apply regardless of status with regard to gender revision surgery and/or psychiatric diagnosis of gender dysphoria."

[Defendant] violated Ms. McSean's (1st) Amendment right to freedom of speech thru [sic] expression and violated policy by refusing to allow Ms. McSean to wear female clothes, undergarments and make-up to express her identity, to use preferred name and pronouns as stated in facility policy SPC.295 as a means of protecting rights and liberties of Ms. McSeann from 4/6/18 thru [sic] 6/21/22 at Southeast Missouri Mental Health Center/SORTS.

[Defendant] violated Ms. McSean's (5th) and (14th) Amendment rights when he was Ms. McSean's individual therapist in 2020. [Defendant] acted in concert with treatment team denying rights stated in Policy SPC.295 to promote and protect, protected rights, to support gender preferences, property, liberties, and happiness in her own way.

These actions to deny liberties, property, and pursue [sic] of happiness and to violate (8th) Amendment rights can only be viewed as cruel and unusual punishment.

[Defendant] at all times knew his actions to deny Ms. McSean's rights would be substantial indifference to Ms. McSean's care and treatment, and medical neglect in violation of Ms. McSean's (5th) and (14th) Amendment rights.

[Defendant's] discrimination and sexual harassment on the basis of sex caused these injuries, depression, fear of authority figures, undue worry, undue stress, suicidal thoughts, nightmares, headaches, increased anxiety, and high blood pressure problems.

Facility Policy SPC.295 states, 'this policy will also apply regardless of status with regard to gender revision surgery and/or psychiatric diagnosis of gender dysphoria."

[ECF No. 7, pp. 13-15]

Plaintiff utilizes a mixture of these allegations against an additional thirty-two defendants in her amended complaint, which takes up more than seventy-eight (78) pages of the pleading.[6] However, her amended complaint is completely devoid of any allegations which would form the who, what, when and where of the purported civil rights violations.

## Discussion

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 677-78 (citing to *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.,* at 557. Rather, a claim contains "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Id.* at 570.

As noted *supra*, plaintiff's paragraphs in the 102-page amended complaint are completely devoid of facts, but full of conclusory statements and legal conclusions. She claims that the thirty-four (34) defendants: (1) violated a transgender policy (SPC.295) and plaintiff's First Amendment rights at SMMHC by refusing to allow her to wear female clothes, undergarments and make-up and to "express her identity" while using her preferred name and pronouns;[7] (2)

---

[6]In some paragraphs in the amended complaint, plaintiff changes the dates of the alleged "case consultation meetings," and plaintiff has also added a conclusory claim that between "5/7/21 and 6/21/22" defendant Charles McIntyre deprived her of property. However, plaintiff fails to indicate what the property she was deprived of contained. Plaintiff has also added a conclusory claim to some of the defendants' paragraphs that they allegedly violated her "Equal Protection and Due Process rights."

[7]**Plaintiff curiously states that her rights were violated between April 6, 2018, and June 21, 2022, and between July 19, 2019, and August 13, 2020. As indicated above, from the records on Case.Net and the MDOC, it appears plaintiff was not released from the MDOC until January 2019, and she**

8

violated plaintiff's Fifth and Fourteenth Amendment rights by acting in a conspiracy with others to deny gender preferences in violation of SPC.295; (3) violated plaintiff's Eighth and Fourteenth Amendment rights by denying her life, liberty and property, as well as substantially interfered with plaintiff's care and treatment; and (4) sexually harassed and discriminated against plaintiff; and (5) violated the Equal Protection Clause under the Fourteenth Amendment.

Plaintiff was informed in the Court's November 6, 2023 Opinion, Memorandum and Order that she cannot bring a claim against SORTS or the persons employed by SORTS **for a violation of SPC.295.**[8] Rather, in order to state a claim for relief, plaintiff must attempt to assert a claim for a violation of federal law or a constitutional provision. *See* 42 U.S.C. § 1983.

If, by chance, plaintiff is asserting that she had a **medical diagnosis** of gender dysphoria, she must allege this, **clearly**, in her second amended complaint. She should allege when she was allegedly diagnosed with gender dysphoria and by whom (the doctor's name).[9] If plaintiff did not have a medical diagnosis of gender dysphoria, she should indicate in her "Statement of Facts" section of her second amended complaint if she believes she suffers from gender dysphoria, why she has such a belief, who she reported this to, when, and what the response was to her report at

---

**was not readmitted to SORTS in Farmington, Missouri, until that time. Thus, plaintiff's allegations relating to events prior to January of 2019 appear to be factually mistaken.**

[8] A detainee has a liberty interest in the nature of her confinement, but not an interest in the procedures by which the state believes it can best determine how she should be confined. *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996). As such, there is no constitutional liberty interest in having state officers follow state law or officials follow internal regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). *See also Jenner v. Nikolas*, 828 F.3d 713, 716-17 (8th Cir. 2016) (explaining that "[t]he existence of a state-mandated procedural requirement does not, in and of itself, create a constitutionally protected liberty interest"). To the extent plaintiff believes the policy, itself, was facially unconstitutional, she needs to plead this in her second amended complaint.

[9] The Court recognizes that gender dysphoria can be a serious health condition that may cause psychological suffering. *See White v. Farrier,* 849 F.2d 322, 326 (8th Cir. 1988); *Hicklin v. Precythe*, No. 4:16-CV-1357 NCC, 2018 WL 806764, *10 (E.D. Mo. February 9, 2018).

9

SMMHC. If plaintiff sought treatment for gender dysphoria at SMMHC, she should detail those efforts as well.

From plaintiff's prior attempts at pleading her claims, it appears she is interested in pursuing claims based on defendants' failures to either refer to her by female pronouns and/or allow her to wear female clothing and make-up. To bring such a claim, plaintiff would first have to show she suffers from a medical diagnosis of gender dysphoria, that she asked for and was denied these gender affirming provisions, and that certain defendants failed to provide a valid reason for denying her requests. Plaintiff would need to provide specific factual information in her second amended complaint regarding each of these issues in order to move forward on her claims for relief.

To limit the length and breadth of plaintiff's second amended complaint so that there are not unrelated claims against unrelated defendants, plaintiff should read the Federal Rules of Procedure and the joinder rules therein. First, plaintiff cannot assert in a single lawsuit, claims against **different defendants** that are related to events arising out of different occurrences or transactions. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should think of a claim as an event that arises within the same time and relates to the same issue. For example, if plaintiff is denied a request to wear female undergarments by one defendant on one particular date, that is

a claim. If two defendants were involved in denying the request on that same date, both defendants could be jointly liable.

Plaintiff may, however, name a single defendant, and assert as many claims as she has against him or her. Rule 18(a) of the Federal Rules of Civil Procedure governs joinder of claims, and provides:

> A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party.

This section indicates that unrelated claims can only be brought in the same complaint if there is only one defendant in the complaint.

The Court reminds plaintiff that her sexual harassment/discrimination claims and Equal Protection arguments have been addressed by other Courts in this district and found to be without merit. *See McSean v. Lemons, et al.,* No. 4:23-CV-1086 RLW (E.D.Mo.) and *McSean v. Harris*, No. 4:23-CV-1706 JMB (E.D.Mo.). Similarly, "freedom of expression" under the First Amendment is not the proper way to assert a claim for seeking to wear gender affirming clothing if one has a proper diagnosis of gender dysphoria. Plaintiff may of course, still include those claims against in her second amended complaint, but it is unlikely they will survive initial review under 28 U.S.C. § 1915.[10]

Last, the Court will remind plaintiff once again, when drafting her second amended complaint she should not include any conclusory paragraphs. While the Court must accept plaintiff's factual allegations as true, it "is free to ignore legal conclusions, unsupported

---

[10]The Court notes that plaintiff has also failed to properly state official capacity claims against defendants, as set forth in the Court's November 6, 2023 Opinion, Memorandum and Order. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, because plaintiff has failed to include factual statements in her amended complaint, she has also failed to show a "meeting of the minds" such that a conspiracy took place to deprive her of her constitutional rights. *See Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999).

11

conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.,* 280 F.3d 868, 870 (8th Cir. 2002).

Because plaintiff is a self-represented litigant, and because she has made serious allegations, the Court will not dismiss the complaint at this time. Instead, plaintiff will be given the opportunity to amend her pleadings according to the instructions set forth below. In preparing her second amended complaint, plaintiff must follow these instructions. Failure to follow these instructions may result in the dismissal of her claims.

### Amendment Instructions

Plaintiff is warned that the filing of a second amended complaint completely replaces the original complaint so it must include all claims plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the second amended complaint on the Court-provided prisoner civil rights complaint form, which will be provided to her. Plaintiff must not amend a complaint by filing separate documents. Instead, she must file a single, comprehensive pleading that sets forth her claims for relief.

In the "Caption" section of the complaint form, plaintiff must state the first and last name, to the extent she knows it, of each defendant she wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may include additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should also indicate whether she intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to her claim(s). Plaintiff should put her case number in the appropriate location on the upper right-hand section of the first page.

In the "Statement of Claim" section, plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth a short and plain statement of the factual allegations supporting her claim against that defendant; and (2) state what constitutional or federal statutory right(s) that defendant violated. Each averment must be simple, concise, and direct. *See* Fed. R. Civ. P. 8(a). If plaintiff is suing more than one defendant, she should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting her claim or claims against that defendant. No introductory or conclusory paragraphs are necessary.

Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant, and set forth as many claims as she has against him or her. *See* Fed. R. Civ. P. 18(a).

Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. Plaintiff must allege facts connecting each defendant to the challenged action. "A federal complaint must contain the 'who, what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016); *see e.g., Miles v. Corizon Healthcare*, 2019 WL 2085998, at *4 (E.D. Mo. May 13, 2019) (a general refusal to treat allegation, without any additional information, is nothing more than a conclusory statement and cannot suffice to state a cause of action under the Eighth Amendment).

Plaintiff must also be careful to fill out the Court-provided complaint form in its entirety, including the "Injuries" section. There is no constitutional violation where an inmate cannot show she suffered an injury or adverse health consequence. *See Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995). "Claims under the Eighth Amendment require a compensable injury to be greater

13

than *de minimis.*" *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). "While a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation." *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994).

After receiving the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. If plaintiff fails to file a second amended complaint on a Court-provided form within **twenty-one (21) days** in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint on the Court-provided form in accordance with the instructions stated above within **twenty-one (21) days** of the date of this Order. Plaintiff is advised that her second amended complaint will take the place of her original filing and will be the only pleading that this Court will review.

**IT IS FINALLY ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 28th day of February, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE