# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KELLY MCSEAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-CV-878 JSD |
| DENISE HACKER, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court for review pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. For the reasons explained below, the U.S. Marshals Service will be directed to seek additional service information for defendant Linda Moll and then re-attempt service at a location where she may be found.

On September 27, 2024, the Court issued process on three defendants in this matter: Denise Hacker, Linda Moll and Misty Kindle. Because plaintiff is proceeding in forma pauperis in this matter, service was attempted through the Court's waiver agreement with the Missouri Department of Mental Health (DMH) on the three DMH employees. However, on December 19, 2024, the DMH indicated that it would waive process only for its current employee, Misty Kindle. [ECF No. 36]. Both Denise Hacker and Linda Moll are former employees at DMH, and as such, counsel for DMH would not waive service for these individuals. *See id.*

On December 27, 2024, counsel for DMH provided the last known addresses for both Denise Hacker and Linda Moll;[1] however, the only address provided for Linda Moll was a post office box, and service cannot be effectuated at this address.

---

[1] Simultaneously with this Memorandum and Order, the Court is issuing an Order issuing process on Denise Hacker at her last known address.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

According to the Eighth Circuit Court of Appeals, when the U.S. Marshals Service is appointed to serve a defendant where the plaintiff has been granted in forma pauperis status and is detained, and the plaintiff shows "good cause" for failure to serve an employee/defendant because he or she is no longer employed and the plaintiff's incarceration prevents him from investigating the defendant's current address, the Court should order the Marshals Service to obtain whatever information the Marshals Service might have in order to ascertain the defendant's current address. *Beyer v. Pulaski Cnty. Jail*, 589 F. App'x 798 (8th Cir. 2014) (per curiam); *see also Richardson v. Johnson*, 598 F.3d 734, 739-40 (11th Cir. 2010) (unreasonable to expect incarcerated pro se prisoner-litigants to provide current addresses of prison-guard defendants who no longer work at prison).

In the particular circumstances of this case, the Court will direct the U.S. Marshals Service to obtain whatever information might be found for defendant Linda Moll in an attempt to serve process on defendant Moll after obtaining such information. If the Marshals Service is unable to effectuate service in this matter, plaintiff shall then be responsible for providing the information necessary for service on defendant Moll or show good cause for failure to serve defendant Moll in this action. The Marshals Service should start with the post office box/address provided in Docket Number 38 by counsel for DMH.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue an alias summons for defendant Linda Moll, for issuance of summons on the amended complaint, and service by the U.S. Marshals

Service.

**IT IS FURTHER ORDERED** that the Clerk shall include the following special instructions on the Process Receipt and Return form: "The U.S. Marshals Service shall obtain from any and all investigation as can be done, information concerning Linda Moll's whereabouts, including her last known contact information, and any alternate contact information, and then shall *re-attempt service at that location or locations*. The Marshals Service should start with the post office box/address provided in Docket Number 38 by counsel for DMH when starting the investigation into Linda Moll's whereabouts. Within the Proof of Service section, the U.S. Marshals Service must clearly state in writing where they solicited the last known information from."

**IT IS FURTHER ORDERED** that a copy of the summons and the return of summons shall be filed under seal and ex parte.

Dated this 2nd day of January, 2025.

_____
JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE